PHILLIP A. TALBERT
United States Attorney
ROBERT J. ARTUZ
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ALYSSA MARIE JONES,<br><br>Defendant. | CASE NO. 2:21-CR-93-03 WBS<br><br>STIPULATION REQUESTING CHANGE OF PLEA HEARING AND REGARDING USE OF VIDEOCONFERENCING DURING HEARING; ORDER<br><br>DATE: May 2, 2022<br>TIME: 9:00 a.m.<br>COURT: Hon. William B. Shubb |

## BACKGROUND

In May 2021, a grand jury indicted the defendant, ALYSSA MARIE JONES, and three other defendants, on one count of conspiracy to commit mail fraud (18 U.S.C. § 1349) and fifteen counts of mail fraud (18 U.S.C. § 1341). On May 11, 2022, ALSSA JONES and the government ("the parties") entered into a plea agreement wherein, among other things, she agreed to plead guilty to one count of mail fraud. Given ALYSSA JONES's intention to plead guilty, the parties respectfully request that the Court set a change of plea hearing on May 23, 2022 at 9:00 a.m. Additionally, in view of the current COVID-19 pandemic and the Court's General Order 649, the parties hereby stipulate and request that the change of plea hearing be conducted by videoconference.

On March 27, 2020, Congress passed the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"). The CARES Act empowered the Judicial Conference of the United States and Chief District Judges to authorize plea and sentencing hearings by video or telephonic conference when 1)

STIPULATION REGARDING HEARING           1

such hearings "cannot be conducted in person without seriously jeopardizing public health and safety;" and 2) "the district judge in a particular case finds for specific reasons that the plea or sentencing in that case cannot be further delayed without serious harm to the interests of justice." *Id.*, Pub. L. 116-23 § 15002(b)(2).

On March 29, 2020, the Judicial Conference of the United States made the findings required by the CARES Act, concluding that "emergency conditions due to the national emergency declared by the President under the National Emergencies Act (50 U.S.C. § 1601, et seq.) with respect to the Coronavirus Disease 2019 (COVID-19) have materially affected and will materially affect the functioning of the federal courts generally."

On June 29, 2020, the Chief Judge of this District, per General Order 620, also made the findings required by the CARES Act: "[F]elony pleas under Rule 11 of the Federal Rules of Criminal Procedure and felony sentencings under Rule 32 of the Federal Rules of Criminal Procedure cannot be conducted in person without seriously jeopardizing public health and safety."

In order to authorize plea or sentencing hearings by remote means, however, the CARES Act—as implemented by General Order 620—also requires district courts in individual cases to "find, for specific reasons, that felony pleas or sentencings in those cases cannot be further delayed without serious harm to the interests of justice." General Order 620 further requires that the defendant consent to remote proceedings. Finally, the remote proceeding must be conducted by videoconference unless "videoconferencing is not reasonably available." In such cases, district courts may conduct hearings by teleconference.

The parties hereby stipulate and agree that each of the requirements of the CARES Act and General Order 620 have been satisfied in this case. They request that the Court enter an order making the specific findings required by the CARES Act and General Order 620. Specifically, for the reasons further set forth below, the parties agree that:

1) The change of plea hearing in this case cannot be further delayed without serious harm to the interest of justice and given the public health restrictions on physical contact; and

2) The defendant waives her physical presence at the hearing and consents to remote hearing by videoconferenceand counsel joins in that waiver.

STIPULATION REGARDING HEARING         2

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. The Governor of the State of California declared a Proclamation of a State of Emergency to exist in California on March 4, 2020.

2. On March 13, 2020, the President of the United States issued a proclamation declaring a National Emergency in response to the COVID-19 pandemic.

3. In their continuing guidance, the Centers for Disease Control and Prevention (CDC) and other public health authorities have suggested the public avoid social gatherings in groups of more than 10 people and practice physical distancing (within about six feet) between individuals to potentially slow the spread of COVID-19. The virus is thought to spread mainly from person-to-person contact and vaccines have not been widely distributed to the general population.

4. On March 17, 2020, this Court issued General Order 611, noting the President and Governor of California's emergency declarations and CDC guidance, and indicating that public health authorities within the Eastern District had taken measures to limit the size of gatherings and practice social distancing. The Order suspended all jury trials in the Eastern District of California scheduled to commence before May 1, 2020.

5. On March 18, 2020, General Order 612 issued. The Order closed each of the courthouses in the Eastern District of California to the public. It further authorized assigned district court judges to continue criminal matters after May 1, 2020 and excluded time under the Speedy Trial Act. General Order 612 incorporated General Order 611's findings regarding the health dangers posed by the pandemic.

6. On April 16, 2020, the Judicial Council of the Ninth Circuit declared a judicial emergency in this District pursuant to 18 U.S.C. § 3174(d), based on the District's "critically low resources across its heavy caseload." The report accompanying the Judicial Council's declaration analyzed the public safety dangers associated with the COVID-19 pandemic and examined both the District's caseload (the District currently ranks first in the Ninth Circuit and eighth nationally in weighted filings) and its shortage of judicial resources (the District is currently authorized only six

district judges; two of those positions are currently vacant and without nominations).  The report further explained that a backlog of cases exists that "can only start to be alleviated" when the CDC lifts its guidance regarding gatherings of individuals.

7. On April 17, 2020, General Order 617 issued, continuing court closures through June 1, 2020 and authorizing further continuances of hearings and exclusions under the Speedy Trial Act.

8. On May 13, 2020, General Order 618 issued, continuing court closures until further notice and authorizing further continuances of hearings and exclusions under the Speedy Trial Act.

9. General Order Nos. 613, 614, 615, 616, 620, 621, 624, 628, 630, 632, 635, 640, and 649 have also issued and made findings and implementing temporary emergency procedures in response to the COVID–19 crisis, and these General Orders either remain in effect or have been superseded by a subsequent General Order extending their provisions.  On January 4, 2021, General Order 628 issued, authorizing further continuances of hearings and exclusions under the Speedy Trial Act for another 90 days unless terminated earlier.  General Order Nos. 630, 632, 635, 640, and 649 further extended this 90-day period through the end of June 2022.

10. Given these facts, it is essential that Judges in this District resolve as many matters as possible via videoconference and teleconference during the COVID-19 pandemic.  By holding these hearings now, this District will be in a better position to work through the backlog of criminal and civil matters once in-person hearings resume.  This year, this Court also indicated that it would not hold change of plea or sentencing hearings in-person until the expiration of the Court's general orders regarding the COVID-19 pandemic.

11. The change of plea hearing in this case accordingly cannot be further delayed without serious harm to the interests of justice.  If the Court were to delay this hearing until it can be held in-person, it would only add to the enormous backlog of criminal and civil matters facing this Court, and every Judge in this District, when normal operations resume.

12. The parties respectfully request that a change of plea hearing be scheduled on May 23, 2022.  Under CARES Act § 15002(b), defendant consents to proceed with this hearing by video-teleconference on May 23, 2022.  Counsel joins in this consent.

///

STIPULATION REGARDING HEARING                                    4

IT IS SO STIPULATED.

Dated:  May 13, 2022                              PHILLIP A. TALBERT
                                                  United States Attorney


                                                  /s/ ROBERT J. ARTUZ
                                                  ROBERT J. ARTUZ
                                                  Assistant U.S. Attorney


Dated:  May 13, 2022                              /s/ SHARI RUSK
                                                  SHARI RUSK
                                                  Counsel for Defendant
                                                  ALYSSA MARIE JONES


**ORDER**

The Court adopts the findings above.  Further, the Court specifically finds that:

a) A change of plea hearing shall proceed on May 23, 2022 at 9:00 a.m., for defendant ALYSSA MARIE JONES;

b) The change of plea hearing in this case cannot be further delayed without serious harm to the interest of justice; and

c) The defendant has waived her physical presence at the hearing and consents to remote hearing by videoconference.

Therefore, based on the findings above, and under the Court's authority under § 15002(b) of the CARES Act and General Orders – including but not limited to 614, 620, 624, 628, 630, 632, 635, 640, and 649 – the change of plea hearing in this case will be conducted by videoconference.

IT IS SO FOUND AND ORDERED.

Dated:  May 16, 2022

                                                  WILLIAM B. SHUBB
                                                  UNITED STATES DISTRICT JUDGE

STIPULATION REGARDING HEARING                     5